IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOSE OCAMPO-GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 321-062 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McCrae Correctional Institution in McRae Helena, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. Because Petitioner did not, despite receiving additional time, (doc. no. 8), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.    BACKGROUND**

On April 17, 2018, Petitioner was arrested in Houston, Texas, after law enforcement executed a search warrant at his home in Alabama and discovered drugs and weapons. (Doc. no. 7-1, Colston Decl., ¶ 5 & Attach. 2.) Petitioner had an immigration detainer lodged against him, and on March 27, 2019, United States District Judge Myron H. Thompson

sentenced Petitioner to nine months and twenty-nine days (time served) in prison for Reentry of Removed Alien. (Id. ¶¶ 5, 6 & Attach. 3, United States v. Ocampo-Gonzalez, CR 218-154 (M.D. Ala.) (hereinafter "illegal reentry" case).) That sentence expired on February 14, 2019, but Petitioner remained in federal custody based on drug charges discussed below arising out of the 2018 search of his Alabama residence. (Colston Decl. ¶ 6.)

After his April 17th arrest in Houston, Petitioner was also indicted for Conspiracy to Distribute Controlled Substances, and on November 5, 2020, Judge Thompson sentenced Petitioner to 120 months in prison. (Id. ¶¶ 5, 7 & Attach. 4, United States v. Ocampo-Gonzalez, CR 218-243 (M.D. Ala.) (hereinafter "drug conspiracy" case).) In calculating his sentence for the drug conspiracy case, the Bureau of Prisons ("BOP") commenced the sentence on November 5, 2020, and applied jail credit from February 15, 2019, the day after the sentence in the illegal reentry case expired, through November 4, 2020, the day prior to sentencing in the drug case. (Colston Decl. ¶ 8 & Attach. 1.)

Through the administrative grievance procedure, Petitioner demanded credit on his drug conspiracy sentence for all time spent in custody from his arrest on April 17, 2018, to November 4, 2020. (Doc. no. 1, pp. 6-8, 28-32.) The grievance was denied, with the explanation that part of the credit Petitioner sought had already been applied to his illegal reentry sentence, and his drug conspiracy case had been properly credited with his time in detention after the illegal reentry sentence expired and the drug conspiracy sentence began. (See id. at 33.) Respondent moves to dismiss the petition, arguing Petitioner's projected release date is correct because he is not entitled to double prior custody credit on his drug conspiracy sentence. (See generally doc. no. 7.)

## II.     DISCUSSION

### A.     Legal Standard for Credit for Prior Custody

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the <u>Sentence Computation Manual (CCCA of 1984)</u>.  The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting.  First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense.  18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing.  Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences."  <u>Id.</u> § 3585(b).  A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing.  Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence."  <u>Id.</u>  In sum, when read together,

these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (*per curiam*) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed . . . provided it has not been credited against another sentence." PS 5580.28, p. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Feb. 9, 2022). The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner seeks jail credit on his drug conspiracy sentence for time previously credited to his illegal reentry sentence. (See generally doc. no. 1.) However, under § 3585(b), time credited to Petitioner's illegal reentry sentence cannot be credited again to his drug conspiracy sentence. See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to double credit on second sentence after previous application of credit to first sentence). As explained below, Petitioner has received all prior custody credit he is due for the time spent incarcerated for the illegal reentry conviction, as well as the time he remained incarcerated after the expiration of the illegal reentry sentence but prior to imposition of his drug conspiracy sentence.

### B. Commencement of Petitioner's Two, Separate Sentences

The Court starts it analysis with a determination of "the date the sentence commences." According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served." Here, Petitioner was arrested on April 17, 2018, and his nine month and twenty-nine-day sentence for his illegal reentry conviction ran from April 17th to February 14, 2019. (Colston Decl. ¶¶ 6, 9 & Attach. 3.) As to the drug conspiracy sentence, that commenced the day it was imposed, November 5, 2020. (Id. ¶ 7 & Attachs. 1, 4.)

### C. Prior Custody Credit for Time Served Before Commencement of Drug Conspiracy Sentence

Having determined Petitioner's drug conspiracy sentence commenced on November 5, 2020, the Court turns to the question of prior custody credit. Petitioner asks the Court to award him prior custody credit from April 17, 2018, the day on which he was arrested in Houston, until February 14, 2019, the day his illegal reentry sentence expired. There is no question the time Petitioner remained incarcerated after completing his illegal reentry sentence until his drug conspiracy sentence began - February 15, 2019, through November 4, 2020 - has been credited to his drug conspiracy sentence. (Colston Decl. ¶ 8 & Attach. 1.) However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner is only eligible for, and has already received, prior custody credit for the time between when his illegal reentry sentence expired, and the day prior to sentencing in his drug conspiracy case.

Citing <u>United States v. Wilson</u>, 503 U.S. 329 (1992), Petitioner argues that the BOP must give him double credit because § 3585 authorizes only the BOP to calculate sentence credits and the sentencing judge had no authority to perform this task at sentencing. (Doc. no. 1, pp. 7-8.) According to Petitioner, Respondent can only speculate whether Judge Thompson took the disputed time period into consideration when fashioning the 120-month sentence for the drug conspiracy charge. (<u>Id.</u> at 8.) This argument fails because it is based on the false premise Petitioner has not received credit against a sentence other than the drug conspiracy sentence for his time in detention from April 17, 2018, through February 14, 2019. As discussed in detail above, this time period was credited to the nine month and twenty-nine-day sentence for illegal reentry.

Because the time from April 17, 2018, through February 14, 2019, was credited against Petitioner's illegal reentry sentence, he is not entitled to double credit for that time on his drug conspiracy sentence. See <u>Wilson</u>, 503 U.S. at 337; <u>Shepherd</u>, 683 F. App'x at 855. Petitioner has received 629 days of credit, from February 15, 2019, through November 4, 2020, on his drug conspiracy sentence for the time he was detained after the expiration of his illegal reentry sentence prior to the date his drug conspiracy sentence commenced on November 5, 2020. (Colston Aff. ¶¶ 4-9 & Attachs. 1, 3, 4.) Therefore, he is not entitled to any additional prior custody credit, and Respondent's motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241. Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), the petition

be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 9th day of February, 2022, at Augusta, Georgia.

                                                         _____
                                                         BRIAN K. EPPS
                                                         UNITED STATES MAGISTRATE JUDGE
                                                         SOUTHERN DISTRICT OF GEORGIA